UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, | Civil No. 15-12929 |
| Plaintiff/Respondent, | Criminal No. 13-20089 |
| v. | HON. SEAN F. COX |
| JEROME DANIEL CLARK, | United States District Judge |
| Defendant/Petitioner. | |

STIPULATION REGARDING
DEFENDANT'S MOTION FILED UNDER 28 U.S.C. §2255

On February 5, 2013, Defendant was charged in a single count indictment with being a convicted felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  He pleaded guilty to the offense pursuant to the terms of a Rule 11 Plea Agreement.  A sentencing hearing was held on February 18, 2014, defendant was sentenced to 180 months' imprisonment under the Armed Career Criminal Act.

The Armed Career Criminal Act of 1984 (ACCA) provides for a mandatory minimum sentence of 15 years of imprisonment for a defendant who violates 18 U.S.C. § 922(g) and has three prior convictions for a "violent felony" or a "serious drug offense."  18 U.S.C. § 924(e)(1).  A conviction under 18 U.S.C. §922(g) otherwise provides for a statutory maximum sentence of 10 years.  At the time of sentencing, Defendant's qualifying felonies included convictions for Home Invasion Third Degree (2006), Domestic Violence, 3rd Offense (2009), fleeing and

eluding from a police officer, 4th degree (2007), and fleeing and eluding from a police officer, 3rd degree (2007). Two of the four convictions were found to be qualifying under the ACCA's residual clause, *i.e.*, the provision that defines a "violent felony" to include an offense that "involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. §924(e)(2)(B)(ii).

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held that ACCA's residual clause is impermissibly vague and, therefore, imposing an increased sentence under the residual clause "violates the Constitution's guarantee of due process." See *Johnson*, 135 S. Ct. at 2563. As a result of the Supreme Court's decision in *Johnson*, defendant is no longer eligible for sentencing under the ACCA.

For this reason, the parties agree that this Court should grant the relief requested in defendant's motion filed under 28 U.S.C. §2255 and order that defendant be resentenced in this matter. The parties further agree that the Court should order that a new presentence report be prepared.

BARBARA L. McQUADE
United States Attorney

*s/MOLLIE E. O'ROURKE*
Assistant United States Attorney
211 W. Fort Street
Detroit, Michigan 48502
(313) 226-9137
Dated:  December 15, 2015

*s/RHONDA BRAZILE, w/consent*
Attorney for Defendant Clark
513 Abbott St., 5th Floor
Detroit, Michigan 48226
(313)-967-5850

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, | Civil No. 15-12929 |
| | Criminal No. 13-20089 |
| Plaintiff/Respondent, | |
| v. | HON. SEAN F. COX |
| | United States District Judge |
| JEROME DANIEL CLARK, | |
| Defendant/Petitioner | |

ORDER GRANTING DEFENDANT'S MOTION
FILED UNDER 28 U.S.C. §2255

This matter is before the Court on defendant's motion for resentencing based on the recent decision of the United States Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The parties having agreed that defendant is entitled to relief, and the Court being otherwise fully advised, **IT IS HEREBY ORDERED** that defendant's motion filed pursuant to 18 U.S.C. §2255 is **GRANTED**. Resentencing in this matter is scheduled for **April 1, 2016 at 2:00 p.m.** The matter shall be referred to the probation department for preparation of a presentence investigation report. The probation department may utilize technology to conduct video interviews with the defendant, with the consent of defense

counsel.

      **IT IS SO ORDERED.**

Dated: January 7, 2016          s/ Sean F. Cox
                                           Sean F. Cox
                                           U. S. District Judge

I hereby certify that on January 7, 2016, the document above was served on counsel and/or the parties of record via electronic means and/or First Class Mail.

                                             s/ Jennifer McCoy
                                             Case Manager